IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Baker, *et al.*, | No. CV-17-03901-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Farmers Group Incorporated, *et al.*, | |
| Defendants. | |

On this 24th day of September, 2019, the Court considered Plaintiffs' Motion for Final Approval of Class Action Settlement, and Application for Attorneys' Fees, Costs, and Class Representative Payments, and Memorandum in Support ("Motion for Final Approval").

The Court, having read and considered the Stipulation, exhibits thereto, and the Memoranda submitted, having received evidence in advance of and at the Final Approval Hearing, and having heard argument by counsel, now makes the following findings:

**FINDINGS OF FACT**

1. Plaintiffs filed the instant case in the United States District Court for the Central District of California, which was styled *Dennis and Victoria Baker v. Farmers Group Inc., et al.*, and assigned Case No. 2:17-cv-06125-ODW-MRW. Pursuant to the stipulation of the Parties and an Order issued by United States District Judge Otis D. Wright, II dated October 19, 2017, the case was transferred to the United States District

Court for the District of Arizona, and was assigned Case No. CV-17-03901-PHX-JJT (the "Action"). Plaintiffs Dennis and Victoria Baker (collectively, "Plaintiffs" or "Representative Plaintiffs") allege that Defendants Farmers Group, Inc., Farmers Insurance Exchange, Mid-Century Insurance Company and Truck Insurance Exchange (collectively, "Farmers") improperly deducted depreciation attributable to costs of labor from actual cash value payments when adjusting claims for structural losses under commercial line insurance policies. Plaintiffs and Farmers are collectively referred to as the "Parties."

2. Farmers denies all material allegations in the Action, as to which Farmers asserts numerous defenses, and as to which Farmers maintains that the requirements of a litigation class action have not been met.

3. Discovery has been undertaken by the Parties in connection with contemplated cross-motions for summary judgment.

4. After litigation between the Parties and arms-length negotiations between Class Counsel and Farmers' counsel, the Parties reached a settlement that provides substantial benefits to the Class Members, in return for a release and dismissal of claims against Farmers. The settlement was reached after the Parties had engaged in extensive and lengthy negotiations, including mediation before Mark G. Worischeck, and further negotiations following the mediation. Class Counsel was therefore well positioned to evaluate the benefits of the settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

5. Plaintiffs and Farmers executed the Stipulation of Settlement and exhibits thereto (collectively, the "Stipulation") on February 5, 2019.

6. The Stipulation is hereby incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Stipulation are hereby adopted and incorporated into and will have the same meanings in this Final Order and Judgment.

7. On February 14, 2019, Plaintiffs filed with the Court the Stipulation along with a Motion for Preliminary Approval of the Proposed Settlement.

8. On April 9, 2019, the Court held a hearing to consider preliminary approval of the Proposed Settlement.

9. On April 18, 2019, the Court entered the Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the Class as a class action for settlement purposes only, and scheduling a hearing for September 23, 2019 at 1:30 p.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing").

10. As part of its Preliminary Approval Order, the Court certified for settlement purposes a class ("Settlement Class") defined as follows:

> Persons who had a Covered Loss during the Class Period.
>
> Excluded from the Settlement Class are: (1) Persons who received payment equal to or greater than the applicable limits of policy coverage; (2) Farmers and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this Action is assigned; (4) Persons who experienced a Covered Loss that was the subject of an appraisal of the loss, litigation, or a release; and (5) Plaintiffs' counsel.
>
> "Covered Loss" means (a) physical loss or damage to a structure located in the State of Arizona, (b) for which an Insurance Claim was made under a Commercial Insurance Policy, (c) which Insurance Claim was determined by an Insurer to be covered under the terms and provisions of the Commercial Insurance Policy, (d) which resulted in one or more payment(s) by or on behalf of an Insurer for said physical loss or damage; and (e) the Insurance Claim falls within the Class Period.
>
> "Class Period" means the period of time (i) involving an Insurance Claim for which the date of loss was on or after August 18, 2015, and (ii) which Insurance Claim was deemed closed by the Insurer on or before February 5, 2019.

11. On or about September 9, 2019, Plaintiffs applied to the Court for Final Approval of the terms of the Proposed Settlement, approval of attorneys' fees, costs and class representatives' payment, and for the entry of this Final Order and Judgment. In

- 3 -

support, Plaintiffs submitted, *inter alia*, evidence showing: the dissemination and adequacy of the Class Notice and Claim Form; the establishment of an automated toll-free telephone number and settlement website; the names of potential Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Class; the negotiation of the Stipulation; the fairness, reasonableness, and adequacy of the Stipulation; and the fairness, reasonableness, and adequacy of Class Counsel's request for attorneys' fees, costs and class representatives' payment. Plaintiffs submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto.

12. Plaintiffs and the Administrator have satisfactorily demonstrated that the Class Notice and Claim Form were mailed, and an automated toll-free telephone number and settlement website were established in accordance with the Stipulation and Preliminary Approval Order.

13. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Farmers has fully complied with the notice requirements under that Act.

14. The Settlement provides substantial monetary benefits to qualifying Class Members who timely submit completed Claim Forms. In addition, Farmers has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Stipulation.

15. All potential Class Members were provided an opportunity to request exclusion as provided in the Stipulation. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Class are preserved and that no Class Member was precluded from opting out of the Class if he or she so desired. No Class Members requested to be excluded from the class and no class members filed objections.

16. Class Members who did not timely file and serve a written objection to the Stipulation, to the entry of this Final Order and Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

17. At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification for settlement purposes only was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Farmers' Counsel, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered any argument that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Fees, even if such argument was not actually presented to the Court by pleading or oral argument.

18. On the basis of the matters presented in this Action and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against Farmers, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

(a) The liability issues in this Action and the suitability of this Action for certification of a litigation class would be vigorously contested, particularly in respect to litigation manageability requirements;

(b) This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

(c) The Proposed Settlement is clearly a product of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel and Farmers; and

     (d)    Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

## CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over the Plaintiffs, Farmers, and Class Members; venue is proper, and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Class, to settle and release all claims arising out of the Action, and to enter this Final Order and Judgment and dismiss this Action on the merits and with prejudice.

2. The Court concludes that, for settlement purposes only, the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the class certification ruling, the Court specifically finds as follows: the Class Members are ascertainable and the class is so numerous that joinder of all members is impracticable; questions of law and fact are common to all Class Members; the Representative Plaintiffs' claims are typical of those of the Settlement Class; the Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement; Class Counsel meets the standard for appointment; questions of law or fact common to the Settlement Class predominate over questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently resolving the controversy.

3. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the automated toll-free telephone number, and the settlement

website: (i) constituted, under the circumstances, the best practicable notice of the pendency of the Action, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Arizona and United States Constitutions, and the requirements of any other applicable rules or law. Class Members were given notice of the Final Approval Hearing and an opportunity to be heard in response to the Proposed Settlement.

4.      The Final Approval Hearing and evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arm's length negotiations between the Plaintiffs and Farmers, with no collusion or fraud and the Court does hereby so find.

5.      The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the terms of the Stipulation are fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objects sufficient to deny approval.

6.      The settlement of the Action on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interests of the Settlement Class, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible appeal of this complex litigation.

7.      A review of the following factors supports a finding that the Settlement is fair reasonable and adequate: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the

reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

8. Although the notice campaign was highly successful and resulted in notice and claim forms being mailed to 935 potential Class Members, no Class Members requested to be excluded from the class and no Class Members filed objections to the Stipulation. The lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

9. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the Hanlon factors.

10. The claim process as set forth in the Stipulation is fair, reasonable, and adequate to Class Members. Any Class Member who did not timely request exclusion from the Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

11. Class Counsel's request for $112,500.00 in attorneys' fees, $8,000.00 in expenses and the Representative Plaintiffs' service award of $5,000.00 each, to be paid by Farmers, are fair, reasonable, and adequate.

**IT IS THEREFORE ORDERED that**:

1. The objections to the Stipulation, if any, are hereby overruled.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

3. No requests for exclusion were submitted and thus no potential Class Members are excluded from the Settlement Class. All members of the Settlement Class are bound by this Final Order, the Judgment and by the Stipulation, including the releases provided for in Paragraphs 25-26 and 81-82 of the Stipulation and in this Final Order and the Judgment.

4.    The Motion for Final Approval (Doc. 67) is GRANTED and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are hereby directed to comply with and consummate the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

5.    The Court orders the Clerk to enter Judgment as to all claims in the Action between the Representative Plaintiffs and Class Members and Farmers, and the Court approves and adopts all terms and conditions of the Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiffs and the Class Members in this Action against Farmers and as to Released Persons, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering Final Judgment.

6.    Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs Dennis and Victoria Baker are appointed as the Representative Plaintiffs for the Class, and the following counsel are appointed as counsel for the Class:

| | |
|---|---|
| Cory S. Fein | Robert D. Ryan |
| Cory Fein Law Firm | Law Offices Of Robert D. Ryan, PLC |
| 712 Main Street, Suite 800 | 343 West Roosevelt Street, Suite 220 |
| Houston, Texas 77002 | Phoenix, Arizona 85003 |

7.    Upon the entry of Final Judgment, the Representative Plaintiffs, all Class Members and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and the entry of Judgment and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Stipulation, and shall be conclusively bound by this Final Order and the Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree

not to sue any Released Person with respect to any Released Claims. The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class are deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation. The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

8. Although the definitions in the Stipulation are incorporated in and are part of this Final Order and the Judgment, the following definitions from the Stipulation are repeated for ease of reference:

    (a) "Released Claims" means and includes any and all known and unknown claims, rights, demands, actions, causes of action, allegations, demands for money, or suits of whatever kind or nature (including but not limited to suits for breach of contract, breach of implied covenant, reasonable expectations, negligence, statutory or common-law bad faith, unfair claims settlement practices, unjust enrichment, fraud, constructive fraud, misrepresentation, deceptive trade practices, unfair practices, declaratory judgment and injunction) against Released Persons, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages) arising from or in any way relating to depreciation of the estimated cost of labor necessary or incurred to repair or replace any physical loss or damage that was the subject of a Covered Loss (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of said estimated cost of labor in the adjustment and/or payment of any Covered Loss), which have been asserted or which could have been asserted by Plaintiffs in the Action, on behalf of themselves and/or on behalf of the Settlement Class, to the full extent of res judicata protections but only as related to depreciation of labor, and whether arising under or based on contract, extra-contractual or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. "Released Claims," as to the Bakers only, shall have the same meaning *except* that the Bakers' release is not limited to those claims that arise from or are related to the depreciation of the estimated cost of labor necessary to repair or replace any physical loss or damage; rather, the Bakers are releasing any and all known and unknown claims, rights, demands, actions, causes of action, allegations, demands for money, or suits of whatever kind or nature (including but not limited to suits for breach of contract, breach of implied covenant, reasonable

       expectations, negligence, statutory or common-law bad faith, unfair claims settlement practices, unjust enrichment, fraud, constructive fraud, misrepresentation, deceptive trade practices, unfair practices, declaratory judgment and injunction) that could have been brought in the Action arising out of or related to their 2016 commercial property insurance claim and the underlying loss.

    (b)   "Released Persons" means Farmers Group, Inc., Farmers Insurance Exchange, Mid-Century Insurance Company and Truck Insurance Exchange and their parents, subsidiaries, affiliates, attorneys in fact, successors and predecessors in interest, their assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, representatives, agents, managing agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, re-insurers, legal representatives and/or consultants.

9. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Fina Order and entry of Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

10. This Final Order, the Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be: (a) construed as an admission or concession by Farmers of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Farmers; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Farmers or that this Action may be properly maintained as a litigation or arbitration class action; (c) offered into evidence in the Action or in any other

case or proceeding in support of or in opposition to a motion to certify a contested class against Farmers; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against Farmers.

11. This Final Order, entry of Judgment, and the Stipulation may be filed in any other action against or by any Released Person in order to support any argument, defense, or counterclaim, including but not limited to those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

12. Proprietary Information of Farmers shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Plaintiffs in this Action shall destroy or return to Farmers' Counsel all Proprietary Information, in their possession, custody, or control as set forth in the Stipulation.

13. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court awards Class Counsel the total sum of $112,500.00 in attorneys' fees and $8,000.00 in costs. In addition, the Court awards the Representative Plaintiffs a service award of $5,000.00 each. The Court hereby finds that these amounts are fair and reasonable. Farmers shall pay such fees and costs to Class Counsel and the service award to the Representative Plaintiffs pursuant to the terms of the Stipulation. Farmers shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and costs awarded by the Court.

14. Payments to Class Members who timely submit a completed Claim Form shall be made in the amounts, if any, within the time period, and in the manner described in the Stipulation.

15. The Court appoints Evan Goldstein and/or Chris Skelly to serve as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. The Representative Plaintiffs, Class Counsel, Farmers, and/or Farmers' Counsel shall not be liable for any act or omission of the Neutral Evaluator.

16. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

17. The Action is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

18. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

 (a) Enforcing the Stipulation and the Proposed Settlement;

 (b) Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

 (c) Any other matters related or ancillary to any of the foregoing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this matter.

Dated this 24th day of September, 2019.

Honorable John J. Tuchi
United States District Judge